ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| POZ Engineering and Environmental Consulting | ) ASBCA Nos. 58853, 59004 |
| | ) |
| Under Contract No. W912K6-11-P-0024 | ) |

APPEARANCE FOR THE APPELLANT: Mr. Emanuel T. Posluszny, P.E.
President

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ Joseph K. Venghaus, JA
CPT Vera A. Strebel, JA
Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE TUNKS
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

POZ Engineering and Environmental Consulting (POZ) seeks $51,203.74 in termination settlement costs. The government moves to dismiss the appeal in ASBCA No. 58853[1] for lack of jurisdiction, alleging that there is no claim before the Contracting Officer (CO) and no CO's decision. POZ opposes the motion. The contract is subject to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. The government's motion to dismiss is granted but we retain jurisdiction over the dispute under ASBCA No. 59004.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On 11 January 2011, the United States Property and Fiscal Office (USPFO) for Maryland awarded Contract No. W912K6-11-P-0024 to POZ to provide quality assurance, inspection and engineering services in connection with the alteration and construction of an addition to the Army Aviation Support Facility, Havre de Grace, Maryland. At award, the contract price was $417,158.72. (R4, tab 1 at 1, 4 of 13) It appears from the CO's termination decision and appellant's notice of appeal in ASBCA No. 58853 that the parties are confused as to whether the contract is a commercial items

---

[1] There are two POZ appeals pending, ASBCA Nos. 58853 and 59004. The appeals have been consolidated. The government moved to dismiss in ASBCA No. 58853 and, after the docketing of ASBCA No. 59004, stated that the motion also applies to ASBCA No. 59004 (ASBCA No. 59004, gov't letter dtd. 5 Dec. 2014).

contract. For purposes of this motion, we note only that FAR 52.212-4(1) is not in the contract and FAR 52.249-2 is (R4, tab 1 at 10 of 13).

2. The CO terminated the contract for the convenience of the government on 17 July 2012[2] (R4, tab 7).

3. On 29 November 2012, POZ submitted a termination settlement proposal (TSP) to the CO in the amount of $22,852.07 (R4, tab 14 at 2).

4. On 2 July 2013, the CO offered POZ $15,357.00 to settle the proposal (R4, tab 18).

5. On 9 July 2013, POZ rejected the government's offer and asked the CO to reconsider (R4, tab 21). The CO responded by requesting POZ to submit a revised proposal (R4, tab 22).

6. On 11 July 2013, POZ submitted a revised proposal of $30,916.53 (ASBCA No. 58853, notice of appeal, ex. C at 2 of 3; mot. at 2).

7. On 28 August 2013, POZ filed a notice of appeal with the Board that sought $46,592.57 in termination for convenience costs. We docketed the appeal as ASBCA No. 58853 on 4 September 2013.

8. On 11 September 2013, the CO sent appellant an email with an attached letter stating: "Research and final review of referenced settlement proposal dated July 11, 2013 has been completed." The CO determined to offer appellant $17,468.00. The CO stated that processing of payment of this amount would be accomplished within 10 business days of POZ's acceptance. No appeal rights were recited in the letter. (R4, tab 25)

9. On 2 October 2013, the government moved to dismiss ASBCA No. 58853 for failure to submit a claim and failure to obtain a CO's final decision. POZ opposed the motion.

10. On 6 November 2013, POZ filed a notice of appeal from the CO's 11 September 2013 determination with the Board, and noted its alleged settlement costs were $51,203.74. We docketed that appeal as ASBCA No. 59004. Except for the increased dollar amount, the claims in ASBCA Nos. 58853 and 59004 of 28 August 2013 and 6 November 2013 appear to be the same.

---

[2] Citing FAR 52.212-4.

2

DECISION

It is well-settled that a termination settlement proposal is submitted to the CO for negotiation and does not become a claim under the CDA until it has been submitted to the CO for a decision. *See James M. Ellett Construction Co. v. United States*, 93 F.3d 1537, 1543-45 (Fed. Cir. 1996); *Triad Mechanical, Inc.*, ASBCA No. 57971, 12-1 BCA ¶ 35,015 at 172,059. It cannot be seriously argued that the events comprising the record in ASBCA No. 58853 meet the *Ellett* standard. POZ submitted a TSP on 29 November 2012, received an offer from the CO on 2 July 2013, revised its proposal on 11 July 2013 and without further contact with the CO appealed little more than a month later. It cannot be reasonably concluded that matters were at an impasse and the TSP converted to a CDA claim. *Ellett*, 93 F.3d at 1544. We conclude that with respect to ASBCA No. 58853, we lack jurisdiction because no CDA claim was before the CO, and we therefore grant the government's motion and dismiss ASBCA No. 58853 without prejudice for lack of jurisdiction.

The analysis of the facts material to ASBCA No. 59004 does not result in the same conclusion. An impasse is considered reached when an objective observer would conclude that resolution through continued negotiation is unwarranted or has been abandoned and the contractor desires a decision. *Ensign-Bickford Aerospace & Defense Company*, ASBCA No. 58671, slip op. at 5 (5 May 2014), and cases cited therein. The passage of time and evidence that one party desires to begin the disputes process are factors in determining whether an impasse has been reached. *Ellett*, 93 F.3d at 1543; *Ensign-Bickford* at 5; *Central Environmental, Inc.*, ASBCA No. 51086, 98-2 BCA ¶ 29,912 at 148,080. In ASBCA No. 59004, the CO issued a determination on 11 September 2013, subsequent to appellant's filing of a notice of appeal in ASBCA No. 58853 concerning the same matter. She could not, at that point, have reasonably concluded that the matter was not at an impasse, that further negotiations were warranted (particularly after no significant progress was evident from 29 November 2012 until 11 September 2013), or that POZ did not desire to start the disputes process. An impasse had clearly been reached and the CO's letter of 11 September 2013 with its "final review" language and promise to pay within 10 business days, qualifies as a settlement by determination by the CO, which is an appealable event. *See* FAR 52.249-2(g) and (j). We conclude that we have jurisdiction over the same matter as was appealed in ASBCA No. 58853, in 59004, and deny the government's motion as to ASBCA No. 59004.

## CONCLUSION

Accordingly, the government's motion in ASBCA No. 58853 is granted and the appeal is dismissed for lack of jurisdiction without prejudice. The government's motion in ASBCA No. 59004 is denied.

Dated: 13 May 2014

ELIZABETH A. TUNKS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58853, 59004, Appeals of POZ Engineering and Environmental Consulting, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4